UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| MARTIN VALADEZ, ) | |
| ) | |
| Petitioner, ) | Civil No. 13-CV-186-GFVT |
| ) | |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| J. C. HOLLAND, Warden, ) | **&** |
| ) | **ORDER** |
| ) | |
| Respondent. ) | |

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Martin Valadez is an inmate confined in the United States Penitentiary-McCreary in Pine Knot, Kentucky. Proceeding *pro se*, Valadez has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1]. Because a § 2241 petition is not the proper manner of obtaining the relief sought, the petition will be denied.

The Court conducts an initial review of habeas petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). It must deny a petition "if it plainly appears from the [filing] and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to §2241 petitions under Rule 1(b)). The Court evaluates Valadez's petition, as supplemented, under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Valadez's factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

# I

On August 5, 2004, Valadez and co-defendants Ricardo Galvan, Alfredo Juarez, Michael Petika, and Henry Savage were named in a four-count federal indictment. Valadez was charged in Counts 1, 2, and 3 thereof. Count 1 charged that he conspired with co-defendants Ricardo Galvan, Alfredo Juarez, and Michael Petika and others to knowingly and intentionally distribute and possess with intent to distribute in excess of 5 kilograms of cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 18 U.S.C. § 2; Count 2 charged him and the co-defendants with knowingly possessing with intent to distribute approximately 16.8 kilograms of mixtures containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2; and Count 3 charged him with money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 2. *United States v. Martin Valadez, a/k/a "Scar, a/k/a Inca," et al.,* No. 04-cr-534 (N.D. Ill. 2004) [R. 11 therein].

Valadez pled not guilty to these charges, proceeded to a jury trial in February 2005, and was found guilty on Counts 1, 2, and 3. Valadez was sentenced on December 14, 2005, and received a life sentence of imprisonment on Counts 1 and 2 and a concurrent 20-year sentence on Count 3, to be followed by five-year term of supervised release on Counts 1 and 2 and a consecutive three-year term of supervised release on Count 3. [*Id*., at R. 263 therein].

Valadez appealed his conviction, but, in an unpublished opinion rendered on April 19, 2007, his conviction was affirmed and the appeal was dismissed as frivolous. *United States v. Martin Valadez,* No. 05-4719 (7th Cir. 2007). Thereafter, on June 2, 2008, Valadez moved pursuant to 28 U.S.C. §2255, to vacate, set aside, or correct his sentence. *United States v. Martin Valadez,* No.

1:08-cv-03178 (N.D. Ill. 2008) [R. 1therein]. In that motion, Valadez claimed that (1) he had received ineffective assistance of trial counsel, in numerous respects, (2) he had received ineffective assistance of appellate counsel, and (3) he had been deprived of due process and a fair trial by the prosecution's withholding of exculpatory evidence and failure to correct testimony and evidence that the prosecutor knew was misleading and/or false, and (4) he was entitled to post-conviction relief because there was material evidence that established his innocence. The trial court found no merit to Valadez's claims and in a Memorandum Opinion and Order entered on August 17, 2000, denied his § 2255 motion, and determined that no certificate of appealability would issue. [*Id*., at R. 36 therein] Valadez then moved the court, pursuant to Fed. R. Civ. P. 59(e), to reconsider its decision denying his § 2255 motion [*Id*., at R. 36 therein], which the trial court denied. [*Id*., at R. 39 therein] Subsequently, the Seventh Circuit Court of Appeals denied his request for a certificate of appealability regarding the trial court's denial of his § 2255 motion. [*Id*., at R.50 therein]

II

Valadez is not raising any claims that fall under the purview of Section 2241 (*i.e.*, aspects regarding the execution of his sentence, such as the computation of sentence credits or parole eligibility). *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, he claims that (1) in view of *Alleyne v. United States*, 133 S.Ct. 2151 (2013) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and it progeny, his conviction and sentence on the underlying charges are constitutionally defective and that he is entitled to be resentenced with a sentencing range from 121-to-151 months; (2) his sentence violates the Ex Post Facto clause of the U.S. Constitution, in view of *Peugh v. United States*, 133 S.Ct. 2072 (2013); (3) the Court should conduct an evidentiary hearing, in accordance with *In Re Davis*, 557 U.S. 952 (2009); (4) his trial counsel was ineffective for failing

3

to interview and/or call Barry Boches, a "critical defense witness," at trial, and (5) his trial counsel was ineffective for advising him not to consider the government's plea offer, in light of *Lafler v. Cooper*; 132 S.Ct. 1375 (2012), resulting in his proceeding to trial and receiving a much more severe sentence than he would have otherwise.

However, § 2241 is not the mechanism for making these claims. Rather, 28 U.S.C. § 2255(a) provides the primary avenue of relief for federal prisoners seeking relief due to an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, Civ No. 4:10-36, at *6 (E.D. Tenn. Aug. 17, 2010). The Sixth Circuit has explained the difference between the two habeas statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Id*. (internal quotation marks omitted).

Despite this general rule, a federal prisoner may challenge his conviction under § 2241 instead of § 2255 under certain limited circumstances. For example, a prisoner may bring a "§ 2241 action if § 2255 is 'inadequate or ineffective to test the legality of the detention.'" *Id*. However, "[i]t is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Under this framework, Valadez fails to demonstrate that a remedy under § 2255 was inadequate or ineffective to challenge his federal detention. *Martin v. Perez*, 319 F.3d 799, 804–05 (6th Cir. 2003). The remedy provided under §

4

2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, 2012 WL 11135 at *2 (N.D. Ohio Jan. 3, 2012). In other words, § 2241 is not an additional, alternative, or supplemental remedy to the one provided by § 2255. *Charles*, 180 F.3d at 758. Therefore, a petitioner's claims such as those that Valadez asserts here must be presented by a motion filed pursuant to 28 U.S.C. § 2255. *United States v. Peterman*, 249 F.3d 458, 461-62 (6th Cir. 2001); *See Charles*, 180 F.3d at 757.

Even though Valadez has filed a prior § 2255 motion in the trial court, he is not without a potential remedy. Based on the U.S. Supreme Court decisions on which he relies in his habeas petition that were decided after his conviction became final, *viz*., *Alleyne v. United States*, *supra*; *Peugh v. United States, supra;* and *Lafler v. Cooper*, *supra*, Valadez has the option to file a motion in the United States Court of Appeals for the Seventh Circuit requesting permission to file a second or successive § 2255 motion in the trial court in the Northern District of Illinois by reason of these post-conviction Supreme Court decisions.

Accordingly, it is hereby **ORDERED** as follows:

1. Martin Valadez's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. Martin Valdez's Motion for a Speedy Disposition [R. 6] is **DENIED** as moot;

3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4. Judgment shall be entered in favor of the Respondent.

This 12th Day of March, 2014.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge